IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sean Bush, | CIVIL ACTION NO:  3:23-cv-06398-CMC |
| Plaintiff(s) | |
| v. | **COMPLAINT** <br> (Jury Trial Demanded) |
| Inspire Brands, Inc., d/b/a Arby's #470, | |
| Defendant(s). | |

COMES NOW, the Plaintiff, and complaining of the Defendant, asserts and alleges as follows:

## PARTIES

1. The Plaintiff, Sean Bush (hereinafter "Plaintiff") is a citizen and resident of Kershaw County, South Carolina.

2. Upon information and belief, the Defendant, Inspire Brands, Inc., d/b/a Arby's #470 (hereinafter referred to as "Defendant" or "Arby's"), is a foreign corporation organized and existing under the laws of the State of Delaware and with a principal place of business of 3 Glenlake Parkway, NE, Atlanta, Georgia, 30328. Defendant does business substantial business throughout the State of South Carolina but does not have a Registered Agent listed with the South Carolina Secretary of State. Defendant does have a registered agent with the Georgia Secretary of State listed as Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

## JURISDICTION & VENUE

3. This Court has jurisdiction over these parties pursuant to 28 U.S.C. § 1332. The

parties are diverse and the amount in controversy greatly exceeds $75,000.00.

4. Venue is proper in this Division and this Court pursuant to 28 U.S.C. § 1391(b)(2) as, upon information and belief, a substantial part of the events giving rise to this claim occurred in this District and Division.

## FACTS

5. On or about May 24, 2021, Plaintiff was a lawful invitee upon the commercial premises of Arby's, located at 1222 Charleston Highway, in West Columbia, Lexington County, South Carolina.

6. At all times relevant and material hereto, Plaintiff was an employee of a McLane Food Service. McLane Food Service had a contract with Arby's to deliver food to the restaurant at the address listed above.

7. On May 24, 2021, Plaintiff, in his capacity as a food deliverer, was making a delivery to Arby's at the address located above.

8. Plaintiff entered Arby's restaurant to deliver food to the restaurant.

9. Plaintiff was delivering a load of food to Arby's and was utilizing a handcart to bring the food from his vehicle into Arby's freezer.

10. At all times relevant and material hereto, Arby's stainless steel floor freezer was improperly maintained and in a state of disarray. Such improper maintenance included, without limiting:

   a) Arby's had placed plastic curtains that formed the "freezer door." The plastic curtains were in a state of disrepair, and for the most part, were no longer present.

   b) The grip tape covering segments of the stainless-steel freezer floor was no longer existent, only showing markings of where the tape once was.

11. Upon information and belief, due to a lack of proper curtains/door, water began to pool on the stainless-steel floor.

12. Upon information and belief, Defendant provided no warnings to Plaintiff, or anyone else, as to the dangerous condition.

13. As Plaintiff entered the freezer to complete his delivery, his foot stepped on a clear wet substance causing him to lose his balance and fall.

14. Mr. Bush's right knee violently struck the floor and fractured into multiple distracted fragments, causing him to suffer significant and permanent injury.

### **FOR A FIRST CAUSE OF ACTION**
(Negligence)

15. The above allegations are re-alleged here as if restated here verbatim.

16. On the above-referenced date, the Plaintiff was an invitee with permission to be on the above-referenced premises.

17. Upon information and belief, Arby's had a dangerous or defective condition on its property; namely, a clear liquid water substance that was pooling on the floor.

18. Defendant ARBY'S is liable to the Plaintiff because ARBY'S failed to exercise ordinary care in keeping the premises safe, on or about May 24, 2019.

19. Arby's failure to exercise ordinary care included, without limitation:

   a) a duty of care to discover risks;

   b) To remove or eliminate unreasonable risks of harm;

   c) To barricade or guard from unreasonable risks of harm when unable to eliminate risks;

   d) To warn of risks when unable to remove, eliminate, barricade or guard unreasonable risk;

    e) And various other particulars as to be demonstrated or proven at trial or in discovery in this manner.

20. The dangerous or defective condition on Arby's premises caused Plaintiff significant injuries.

21. Further, upon information and belief, a specific act or omission of Arby's created the dangerous or defective condition.

22. Arby's specific actions and/or omissions, without limitation, in creating the condition consisted of:

    a) Failing to maintain its grip tape on the slick freezer floor;

    b) Removing its grip tape from the slick freezer floor;

    c) Failing to maintain proper curtains from the freezer area to the non-freezer area;

    d) Removing curtains from the freezer area to the non-freezer area; or

    e) Various other particulars as to be proven at trial or in discovery.

23. Arby's specific actions and/or omissions, identified previously, caused Plaintiff to suffer significant injuries.

24. The ARBY'S is further liable to Plaintiff for carelessness and/or negligence in the housekeeping and/or maintenance of the subject property.

25. Upon information and belief, Arby's failed to follow specific industry standards and/or guidelines in the care and maintenance of its premises.

26. Such established industry standards and/or guidelines include, without limitation, the following:

    a) NFSI B101.1;

    b) NFSI B101.3;

    c) NFSI B101.8;

    d) ATSM F-1637-21;

    e) ANSI/ASSP A1264.2;

    f) ANSI/ICC A117.1;

    g) OSHA regulations;

    h) International Code Council and International Building Code regulations;

    i) Other particulars to be proven through discovery and trial in this matter.

27. As a result of Arby's failure to follow industry standards and/or guidelines, Plaintiff suffered significant injuries.

28. As a direct and proximate result of the aforesaid acts and/or omissions of ARBY'S, said acts being in violation of the statutory and common laws of South Carolina, causing Plaintiff to incur during the past, present, and future significant medical expenses, lose time from work and incur lost wages and decreased earning capacity, and suffer tremendous pain and suffering, disfigurement and disability, emotional and mental distress, and loss of enjoyment of life.

29. That by reason of the acts of Arby's as set forth above, Plaintiff is informed and believes that he is entitled to an award of actual damages, both past and future, together with non-economic damages, both past and future, and punitive damages in an appropriate amount, and for the costs of this action.

## PRAYER

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant, in an amount of actual damages both past and future, for past and future non-economic damages, and punitive damages in an appropriate amount, for the costs of this action, post judgment interest where authorized by law, and for such other and further relief as this Court might deem just and proper.

                                                            s/ Daniel Sevcik
                                                            Daniel Sevcik (Fed Bar No.: 13751)
                                                            THE JEFFCOAT FIRM
                                                            1333 Main Street, Suite 510
                                                            Columbia, South Carolina, 29201
                                                            Phone: (803) 200-2000
                                                            Facsimile: (803) 808-2240
                                                            daniel.sevcik@thejeffcoatfirm.com
                                                            ATTORNEY FOR THE PLAINTIFF

December 5, 2023
Beaufort, South Carolina